802 July 9, 2025 No. 623

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Keith Michael VANDERPOOL,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Equifax Workforce Solutions,
*Respondents.*
Employment Appeals Board
2024EAB0384;
A184685

Submitted May 28, 2025.

Keith Michael Vanderpool filed the brief *pro se*.

Dustin Buehler waived appearance for respondent Employment Department.

No appearance for respondent Equifax Workforce Solutions.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Claimant appears *pro se* seeking judicial review of an Employment Appeals Board (board) decision adopting an Employment Department (department) final order denying him unemployment benefits.[1] After a hearing in which claimant and a representative of the employer testified, an administrative law judge (ALJ) determined that claimant had voluntarily quit and failed to show that he did so with "good cause." Claimant contends that the board erred in adopting that determination because it "fail[ed] to consider and take seriously the nature of the harassment and retaliation that the petitioner experienced" and "fail[ed] to consider the remediation actions that the petitioner actively took[.]" We have reviewed the record before us, and for the reasons below, we affirm.

ORS 657.176(2)(c) provides that a claimant "shall be disqualified from the receipt of benefits" if the claimant "[v]oluntarily left work without good cause[.]" "Good cause for voluntarily leaving work" means "that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work[,]" and "the reason must be of such gravity that the individual has no reasonable alternative but to leave work." OAR 471-030-0038(4). "A claimant for unemployment benefits carries the burden of proving good cause by a preponderance of the evidence." *Young v. Employment Dept.*, 170 Or App 752, 756, 13 P3d 1027 (2000).

On judicial review, we understand claimant to argue that the board's order—specifically, its finding that claimant did not have good cause to quit work—was not supported by substantial evidence or reason. We apply the standard provided in ORS 183.482(8)(c)[2] and review for whether

---

[1] Respondent, the Employment Department, waived its appearance. As we have noted in prior, similar cases, we acknowledge that the Employment Department may find it challenging to respond to each appeal filed in this court. However, we emphasize that a response is not only helpful, but a crucial link in our decision-making process. *See Penson v. Ohio*, 488 US 75, 84, 109 S Ct 346, 102 L Ed 2d 300 (1988) ("[O]ur adversarial system of justice * * * is premised on the well-tested principle that truth—as well as fairness—is best discovered by powerful statements on both sides of the question." (Internal quotation marks omitted.)).

[2] ORS 183.482(8)(c) provides that:

"The court shall set aside or remand the order if the court finds that the order is not supported by substantial evidence in the record. Substantial evidence

the board's findings of fact are supported by substantial evidence and its conclusions are supported by substantial reason, "*i.e.*, its conclusions must reasonably follow from the facts found." *Kay v. Employment Dept.*, 284 Or App 167, 172, 391 P3d 969 (2017). In applying that standard, we must "determine whether the record, viewed as a whole, is capable of being read as the agency read it." *Id.* (internal quotation marks, brackets, and emphasis omitted).

In this case, the board concluded "that claimant quit working for the employer without good cause[,]" affirming the department's final order and adopting the determinations therein. The ALJ determined that claimant did not meet his burden to show that he had good cause to quit his job because he "did not exercise reasonable alternatives to quitting." The ALJ reached that determination after identifying a reasonable alternative that involved claimant remaining employed for a short period of time longer.

Claimant argues that the board erred in adopting the ALJ's determinations, because claimant experienced "harassment" creating a "hostile and degrading work environment" that, despite "remediation actions" that claimant attempted, led to his decision to quit. That is, we understand claimant not to be disputing the fact that he quit voluntarily, but to be contending that, due to the alleged harassment and hostility he experienced, he had no reasonable alternative to quitting, and therefore quit with good cause.[3]

We do not doubt that claimant experienced distress at work. But the record before us supports the ALJ's determination that claimant failed to show the sort of "good cause" necessary to be eligible for unemployment benefits despite his voluntary decision to quit work. Claimant failed to allow the performance improvement plan (PIP)

---

exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

[3] Claimant also notes that the ALJ's order identifies an incorrect date for when the hearing took place. In claimant's view, that "demonstrate[s] that [the ALJ] did not fully consider the facts at hand and did not render a decision" based on the record. But, because claimant does not explain why the error that he identifies calls the validity of the order into question, and because we determine that the remainder of the order—*i.e.* that part of the order concerning the merits of the dispute—is supported by the record, the error claimant identifies is not grounds for reversal.

process—in which he was engaged with the employer, and which included weekly meetings with management to discuss progress and concerns—to be concluded before claimant quit. The record supports the ALJ's determination that staying at work through the conclusion of the PIP process "would have been a reasonable alternative to quitting;" instead, claimant abandoned that alternative by quitting. Thus, because the record supports the determination that claimant did not show good cause to quit work, we conclude that the board did not err in denying claimant benefits.

Affirmed.